UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JON C. JAMES,

Plaintiff,

v.

RENEE TOWNSLEY, in her individual and official capacities as clerk of Washington State Court of Appeals, Division III,

Defendant.

NO. CV-11-050-EFS

**ORDER DISMISSING COMPLAINT AND ENTERING JUDGMENT**

On February 23, 2011, *pro se* Plaintiff Jon C. James, who is proceeding in forma pauperis, filed a Complaint, ECF No. 1, asserting violations of his constitutional rights when Defendant Renee Townsley, Clerk of the Washington State Division III Court of Appeals, denied his request to proceed in forma pauperis and then dismissed his appeal for failure to pay a filing fee. ECF No. 5. Under 28 U.S.C. § 1915A, the Court is required to screen complaints filed by an individual proceeding in forma pauperis.[1] 28 U.S.C. § 1915A(a). After conducting the required § 1915A(a) screening, the Court, while recognizing Plaintiff's

[1] Although §§ 1915 and 1915A reference "prisoners," they are not limited to prisoner suits. *United States v. Floyd*, 105 F.3d 274, 276 (6th Cir. 1997), *superseded on other grounds by Callihan v. Schenider*, 178 F.3d 800 (6th Cir. 1997). Therefore, a court has an obligation to review a complaint filed by any person proceeding in forma pauperis. *Id*.

frustration with the state court proceeding, concludes it must dismiss Plaintiff's lawsuit.

The Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine because Plaintiff's action is a *de facto* appeal of the Washington State Division III Court of Appeals' denial of his request to proceed in forma pauperis and dismissal of his appeal, and the asserted constitutional claims are inextricably intertwined with that state-court decision. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (recognizing that *Rooker-Feldman* bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" from asking district courts to review and reject those judgments)); *Noel v. Hall,* 341 F.3d 1148, 1158 (9th Cir. 2003). Accordingly, the Court lacks subject-matter jurisdiction over Plaintiff's claim.

Furthermore, to the extent that subject-matter jurisdiction is not barred by the *Rooker-Feldman* doctrine, Plaintiff cannot pursue a § 1983 action against Defendant because, as Clerk of the Washington State Division III Court of Appeals, she is entitled to quasi-judicial immunity. Judges enjoy civil immunity for their official functions. *See Forrester v. White*, 484 U.S. 219, 229 (1988). And judicial or quasi-judicial immunity extends to non-jurists "who perform functions closely associated with the judicial process," *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)), including in appropriate circumstances court clerks. *See Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (recognizing that clerk of court can be entitled to absolute immunity for quasi-

judicial functions); *Mullis v. U.S. Bank. Court of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (granting immunity to clerks performing tasks that are an integral part of the judicial process). Because the claims asserted against Defendant are based on the performance of her duties as a clerk (i.e. denying his motion to proceed in forma pauperis and dismissing his appeal for failure to pay the fine), these ultimate acts were judicial in nature and subject to immunity. *See Castillo*, 297 F.3d at 952. Thus, because Plaintiff's Complaint 1) fails for lack of subject-matter jurisdiction, and 2) seeks monetary relief against an immune defendant, the Complaint is dismissed.[2]

Accordingly, **IT IS HEREBY ORDERED**:

1. The Complaint, ECF No. 1, is **DISMISSED**.
2. All other motions are **DENIED AS MOOT**.
3. Judgment is to be entered **WITHOUT PREJUDICE**.
4. This file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to Plaintiff and Spokane County Superior Court.

**DATED** this 10th day of June 2011.

s/Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2011\50.screen.dism.frm

[2] Dismissal for lack of subject-matter jurisdiction is without prejudice. *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam).