UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JON C. JAMES,

        Plaintiff,

v.

RENEE TOWNSLEY, in her individual and official capacities as clerk of Washington State Court of Appeals, Division III,

        Defendant.

NO. CV-11-050-EFS

**ORDER GRANTING MOTION FOR RECONSIDERATION AND REVOKING IN FORMA PAUPERIS STATUS**

On June 10, 2011, the Court dismissed Plaintiff Jon C. James's[1] Complaint, ECF No. 5, which alleged violations of his constitutional rights when Defendant Renee Townsley, Clerk of the Washington State Division III Court of Appeals, denied his request to proceed in forma pauperis and then dismissed his appeal for failure to pay a filing fee, for lack of subject-matter jurisdiction, ECF No. 7, and entered Judgment in favor of Defendant, ECF No. 8. The Court concluded:

> The Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine because Plaintiff's action is a *de facto* appeal of the Washington State Division III Court of Appeals' denial of his request to proceed in forma pauperis and dismissal of his appeal, and the asserted constitutional claims are inextricably intertwined with that state-court decision. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (recognizing that *Rooker-Feldman* bars "state-court losers complaining of injuries caused by

---

[1] Plaintiff is proceeding *pro se* and in forma pauperis. ECF No. 3.

ORDER ~ 1

state-court judgments rendered before the district court proceedings commenced" from asking district courts to review and reject those judgments)); *Noel v. Hall,* 341 F.3d 1148, 1158 (9th Cir. 2003).

ECF No. 7. The Court also concluded that Defendant, as Clerk of the Washington State Division III Court of Appeals, is entitled to quasi-judicial immunity. *Id*.

On June 14, 2011, the Clerk of Court for the Ninth Circuit Court of Appeals referred the matter to this Court "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." ECF No. 11. The Ninth Circuit advised that such determination must be made within twenty-one (21) days of the referral or Plaintiff's in forma pauperis "status [would] continue automatically for this appeal pursuant to Fed R. App. P. 24(a)."[2] *Id*.

Thereafter, Plaintiff filed an Amendment of Complaint Motion for Reconsideration, ECF No. 13, and Motion to Extend IFP for Non-Frivolous Appeal, ECF No. 15. And Defendant filed a Motion to Revoke in Forma Pauperis Status, ECF No. 17, and related Motion for Expedited Hearing, ECF No. 20.

---

[2] It is for this reason that the Court finds good cause to waive Local Rule (LR) 7.1(h)(2)(c)'s time requirements and hear these motions on an expedited basis. *See* LR 7.1(h)(2)(c) (allowing the Court, sua sponte or upon motion, to "grant an immediate hearing on any emergency matter). Accordingly, Defendant's Motion for Expedited Hearing, ECF No. 20, is granted.

ORDER ~ 2

Given that the Court lacks subject-matter jurisdiction over Plaintiff's claim and Defendant is entitled to quasi-judicial immunity, the Court finds that any appeal would be frivolous. As such, revocation of Plaintiff's in forma pauperis status is appropriate. See 28 U.S.C. § 1915(a)(3); *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (recognizing that revocation of in forma pauperis status is appropriate where a district court finds the appeal to be frivolous).

Yet the Court recognizes that its Order Dismissing Complaint and Entering Judgment, ECF No. 7, erroneously refers to Plaintiff's state-court filing fee as a "fine." *See id*. at 3, ln. 6. Thus, the Court's Order Dismissing Complaint and Entering Judgment, *id*., shall be amended at page 3, line 6, to accurately reflect that Plaintiff's claim is based on the Washington State Division III Court of Appeals dismissal of Plaintiff's appeal for failure to pay a filing fee, not a fine.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Amendment of Complaint Motion for Reconsideration, **ECF No. 13**, is **GRANTED**.

2. The Court's Order Dismissing Complaint and Entering Judgment, **ECF No. 7,** shall be amended at page 3, line 6, to accurately reflect that Plaintiff's claim is based on the Washington State Division III Court of Appeals' dismissal of Plaintiffs' appeal for failure to pay a filing fee, not a fine. An amended order will follow.

3. Plaintiff's Motion to Extend IFP for Non-Frivolous Appeal, **ECF No. 15**, is **DENIED**.

ORDER ~ 3

4. Defendant'S Motion to Revoke in Forma Pauperis Status, **ECF No. 17**, and related Motion for Expedited Hearing, **ECF No. 20**, are **GRANTED**.

5. Plaintiff's in forma pauperis status is **REVOKED**.

6. This file shall remain **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to Plaintiff and Spokane County Superior Court.

**DATED** this ___28th___ day of June 2011.


                               s/ Edward F. Shea
                                EDWARD F. SHEA
                              United States District Judge

Q:\Civil\2011\50.reconsider.frm

ORDER ~ 4